EDWARD M. TEN EYCK v. MILTON MENDEL.

Submitted December 5, 1908—Decided February 23, 1909.

Where the summons is in the ordinary form of an action on contract, and the declaration declares upon a penal statute which requires that there be endorsed upon the process the rule of the statute, and also upon the declaration a special note of the date of the institution of the action, the summons will not be quashed when there is nothing in it which shows that the suit was instituted by a common informer to recover a penalty, but the declaration being clearly founded upon a penal statute, and not complying with the law in such cases, a motion to strike it out will be allowed.

On rule to show cause.

Before Justices REED, BERGEN and MINTURN.

For the plaintiff, *Walter L. Hetfield, Jr.*

For the defendant, *Alan H. & Theodore Strong.*

The opinion of the court was delivered by

BERGEN, J.  The plaintiff brought suit against the defendant to recover for cutting timber.  After suit brought and declaration filed, a rule was allowed requiring the plaintiff to show cause why the declaration should not be quashed and the summons set aside, because a special note was not endorsed on the declaration of the date of the institution of the action, and because the summons has not upon it the special note required by the statute upon which the action is founded. The law has been settled for many years in this state that in suits instituted by a common informer to enforce a penalty the process shall be endorsed with the name of the party who prosecutes, and the title of the statute upon which the action is founded, and also that there shall be endorsed upon the information a special note of the day of the institution of the suit.  Therefore if this is a suit for a penalty the proceedings are irregular, and timely objection being made, the summons should be quashed and the suit dismissed.

It is urged by the plaintiff that the suit is not by a common informer, but by the owner of land against a trespasser.  The answer to this objection appears in the declaration, which claims from the defendant $600, being $8 for each tree cut, &c., according to the act entitled "An act to prevent the unlawful waste and destruction of timber in this state," passed February 28th, 1820.  *Gen. Stat., p.* 3484.  The record shows that the summons is in the ordinary form of an action on contract, and there is nothing which appears in the summons showing that the suit was instituted by a common informer to recover a penalty, and therefore there is no reason why it should be quashed. but the declaration is clearly founded upon a penal statute, and is not supported by the summons, and should be stricken out.  The motion to quash the summons is denied, and the motion to strike out the declaration allowed. As both parties have succeeded in part, costs will not be allowed to either.